# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> vs. <br><br> GARY KEVIN LAWLEY (2), <br><br> Defendant. | CASE NO. 13CR0665-LAB <br><br> **ORDER DENYING DEFENDANT'S MOTION TO CONTINUE TRIAL** <br><br> [Doc. #58] |

Appointed counsel for defendant Gary Lawley, John Kirby, has filed a motion to continue the trial date in this case, which is currently set for August 6, 2013. Because the Court finds that no good cause for the continuance has been shown, the motion is **DENIED.**

Defendant Lawley is charged with conspiracy to distribute marijuana and possession of marijuana with intent to distribute. He was arrested on May 5, 2013, and he made his first appearance before a magistrate judge in relation to the charges on May 14, 2013. On May 17, 2013, Mr. Kirby, a member of the Criminal Justice Panel in the Southern District of California, was appointed to represent the defendant. The government sought to detain the defendant without bail, but after a hearing on May 23, 2013, the motion was denied and conditions of release were set. On June 4, 2013, the defendant was arraigned and entered a not guilty plea to a superseding indictment. On the same day, a magistrate judge scheduled a motion hearing before the undersigned judge for July 22, 2013.

//

| | |
|---|---|
| 1 | The website for the Southern District of California provides notice of the motion filing deadlines for each district judge. This Court's Standing Order (on the website) requires that all motions in criminal cases (except motions in limine) be filed 21 calendar days before the hearing date, with any opposition due 7 calendar days before the hearing. Despite those published requirements, Mr. Kirby waited until 4:30 P.M. on Friday, July 19, 2013 — the last court day before the July 22nd scheduled motion hearing — to file a boilerplate motion for discovery. |

The website for the Southern District of California provides notice of the motion filing deadlines for each district judge. This Court's Standing Order (on the website) requires that all motions in criminal cases (except motions in limine) be filed 21 calendar days before the hearing date, with any opposition due 7 calendar days before the hearing. Despite those published requirements, Mr. Kirby waited until 4:30 P.M. on Friday, July 19, 2013 — the last court day before the July 22nd scheduled motion hearing — to file a boilerplate motion for discovery.

A Local Rule of the district court for the Southern District of California (also published on the court website) directs the clerk not to file untimely motions without the consent of the assigned district judge. Crim. Loc. R. 47.1(b)(4). Despite this, Mr. Kirby did not seek an order shortening time or request relief from the filing deadline or otherwise attempt to explain why he could not file the motion on time. He simply filed the motion at the last minute.

By waiting until the eleventh hour to file a discovery motion, counsel deprived the government of any reasonable opportunity to respond to the motion. Counsel also deprived the Court of any meaningful opportunity to review the motion in advance of the hearing. The only explanation for his late filing and noncompliance with the Local Rules and the Court's Standing Order that Mr. Kirby offered at the July 22nd hearing was that he was otherwise occupied trying to assist the defendant in getting out on bail.

Also during the July 22nd hearing, the Court questioned both defense counsel and government counsel regarding the status of discovery. Government counsel represented that he had made available 101 pages of discovery and four or five CDs to the defense. When asked whether there were any discovery disputes at the present time, Mr. Kirby was unable to point to any.

In his motion to continue the trial, Mr. Kirby now asserts that a continuance is necessary because he is awaiting production of a video that supposedly depicts the defendant and others on a boat that was later found to contain a large amount of marijuana the day before the drugs and the boat were seized. He doesn't mention the expected length

//

of the video, or otherwise explain why it's production coming more than two full weeks before the scheduled trial day provides insufficient time for him to prepare to confront the evidence.

Mr. Kirby also represents that a continuance of the trial date is necessary because "the government is turning over the video post-arrest statement of one of the co-defendant cooperators" and a "debrief" of that person. What's not stated is whether the person is expected to testify at trial, how long or detailed the statements are, and why the statements shouldn't be regarded as early production of Jencks Act material, which material is not even required to be produced prior to trial. Mr. Kirby also points out that the government has subpoenaed telephone records from a satellite telephone that was found on the marijuana-laden boat the night it was seized. Once again, however, he does not say whether the prosecutor has represented that he intends to offer the records in evidence at trial. Nor does he account for the very distinct possibility that the records may nonetheless be excluded if the government fails to offer a good explanation for *its* lateness in requesting and producing them.

Mr. Kirby insists that he has had insufficient time to prepare, but just saying that doesn't make it so. He claims that he needs additional time to have an investigator "investigate facts to corroborate Mr. Lawley's version of events," but conspicuously absent from this request is any attempt to specifically explain why such investigation hasn't happened yet. Mr. Kirby was assigned to represent the defendant more than two months ago. He received the bulk of discovery from the government shortly after he was appointed. Invoking phrases like "being forced to go to trial," being "unable to present defense," and being "severely prejudiced" does not substitute for providing an explanation and demonstration of good cause required by the criminal rules.

Mr. Kirby's casual approach and apparent indifference to court-imposed deadlines is vexing to this Court, and suggests that he wrongly views the deadlines as mere "suggestions." They are not. Deadlines are essential if the Court is to manage its heavy criminal calendar. Even more important, deadlines ensure that the defendant's right to a speedy trial is honored. The maximum trial date for this case under the Speedy Trial Act is

1 August 9, 2013. Disregard for court deadlines results in added strain on the system, and
2 imperils the defendant's right to a speedy trial.

3 The Ninth Circuit has identified factors that are relevant to whether to grant a
4 continuance. They include: (1) whether the continuance would inconvenience the witnesses,
5 the court, counsel, or the parties; (2) whether other continuances have been granted;
6 (3) whether legitimate reasons exist for the delay; (4) whether the delay is the defendant's
7 fault; and (5) whether the delay would prejudice the defendant. *United States v. Fowlie*, 24
8 F.3d 1059, 1069 (9th Cir. 1994). Trial courts are to assess these factors and exercise
9 reasonable discretion. In general, a court does not abuse its discretion in denying a
10 continuance unless the denial is "arbitrary or unreasonable." *United States v. Moreland*, 622
11 F.3d 1147, 1158 (9th Cir. 2010).

12 The continuance that is being requested here will inconvenience the Court. The
13 United States District Court for the Southern District of California is the fourth busiest district
14 criminal court in the country. *See* Administrative Office of the United States Courts, *Federal*
15 *Judicial Caseload Statistics: March 31, 2012* (Table D), found at http://www.uscourts.gov/
16 Viewer.aspx?doc=/uscourts/Statistics/FederalJudicialCaseloadStatistics/2012/tables/
17 D00CMar12.pdf. Judges on this court must be especially vigilant in setting and observing
18 deadlines because there are so many cases — especially criminal cases. As an example,
19 the undersigned judge now has criminal trials scheduled every week during August 2013,
20 which is typical of the schedule for every other month except December. Continuing the trial
21 date in this case will undoubtedly involve trying to cram it into a time slot that is already
22 reserved for another case.

23 While no other continuances have been granted, the Court finds *no* legitimate reason
24 for the requested delay here. Other than rehearsing time-worn, general excuses, Mr. Kirby
25 has not identified any *specific* preparation that he will be unable to perform between now and
26 the trial date, which is more than two weeks away. Nor has he offered any *specific*
27 explanation for why he failed to prepare during the months that he has been assigned to this
28 //

case. In legal parlance, he hasn't come close to establishing "good cause" for the postponement he requests.

While Mr. Kirby has invoked the specter of prejudice, he hasn't established any. Specifically, he has not demonstrated *why* he can't be ready to try this case within the time limit established by the Speedy Trial Act; why he is unable to review the video footage that he mentions in his motion; or why his investigator can't complete necessary areas of investigation during the next two weeks. He does point out that he has scheduled a business trip out of the country between July 31 and August 4, 2013. But he doesn't say when he scheduled that trip or whether it was scheduled with any regard for the deadlines that were previously set in this case and those that were likely to be set in the aftermath of the July 22nd motion hearing. While the Court routinely works around preexisting obligations of counsel, it is less tolerant of accommodating conflicting events when counsel has scheduled them in disregard of anticipated court proceedings.

In sum, good cause for the requested continuance has not been shown here. Nor has it been demonstrated that the defendant will be prejudiced if his case proceeds to trial within the statutory period provided by the Speedy Trial Act. The motion to continue the trial date is therefore **DENIED.**

**IT IS SO ORDERED**.

DATED: July 25, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge