# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>vs.<br><br>GARY KEVIN LAWLEY,<br><br>                              Defendant. | CASE NO. 13CR0665-LAB<br><br>**ORDER DENYING JOINT APPLICATION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2)** |
|---|---|

    This Court sentenced Gary Lawley to 60 months in prison in 2013 after he pled guilty to conspiring to distribute a huge amount of marijuana (almost 1300 pounds). He's now filed a motion under 18 U.S.C. § 3582(c)(2) asking the Court to reduce his sentence to 49 months because the advisory sentencing range for his crime under the United States Sentencing Guidelines ("Guidelines") was lowered after he was sentenced. The government has joined Lawley's motion.

    The Court originally calculated Lawley's Guidelines as follows:

| | |
|---|---|
| Base Level: | **28** |
| Specific Offense Characteristic (§ 3B1.1(c)): | **+2** |
| Specific Offense Characteristic (§ 2D1.1(b)(14)(C)): | **+2**[1] |

---

[1] The Joint Motion erroneously omits this adjustment although it was listed in the plea agreement and was included in the Court's oral Guideline calculations. Presentence Report (filed Sept. 12, 2013) ("PSR") at 13; Transcript of Sentencing (Oct. 21, 2013) ("Transcript"), p. 12.

| | | |
|---|---|---|
| 1 | Acceptance of Responsibility downward adjustment (§ 3E1.1(a)(b)): | **-3** |
| 2 | Substantial Assistance (§ 5K1.1): | **-2** |
| 3 | Departure For Age, Lack of Criminal Record (§ 5H1.1;§ 5H1.8 ): | **-10 months**[2] |

His Adjusted Offense Level was 27, and with a Criminal History Category of I, his advisory Guideline range was 70-87. The Court departed 10 additional months from the low end of the Guideline range, basing the departure on Lawley's age (49), and his lack of prior record. Transcript at 17.

Under the amended Guidelines, Lawley receives a 2-point reduction from his original Base Offense Level, making his starting offense level 26 rather than 28. But, as outlined below, the resulting Guideline range associated with these amended calculations doesn't account for the 10-month departure for age and lack of record:

| | | |
|---|---|---|
| Base Level: | | **26** |
| Specific Offense Characteristic (§ 3B1.1(c)): | | **+2** |
| Specific Offense Characteristic (§ 2D1.1(b)(14)(C)): | | **+2** |
| Acceptance of Responsibility downward adjustment (§ 3E1.1(a)(b)): | | **-3** |
| Substantial Assistance (§ 5K1.1): | | **-2** |
| ~~Non Substantial Assistance Departure (§ 5H1.1;§ 5H1.8 : )~~ | | ~~-10 months~~ |

Lawley's new Adjusted Offense Level is 25, his Criminal History Category remains at I, and his sentencing range is 57-71 months. But – again – these calculations don't account for the non-substantial assistance departure that the Court granted.

The Joint Motion asks the Court to reduce Lawley's original sentence by 14% (to 49 months), but doesn't explain how the Court can impose a sentence below the low end of Lawley's amended Guidelines – 57 months. *See* Guidelines, § 1B1.10(b)(2)(A) ("the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline

---

[2] The parties also erroneously fail to list the additional, non-substantial assistance departure granted by the Court. See Transcript, p. 17.

range . . ."). Ostensibly, it's because the parties think that the 14% figure represents the credit Lawley got for substantial assistance. But that's incorrect.

Lawley's original Guideline sentencing range before the Court granted a 2-level substantial assistance departure was 87–108 months. The substantial assistance departure decreased his sentencing range to 70–87 months. That amounts to a 19% reduction, rounding up, from the 87-month low end of the range before the departure. Importantly, the 2-level reduction has already been figured into Lawley's amended Guideline range.

A reduction of 14% from the low end of Lawley's original Guideline range of 70 months equals 9.7 months, or 10 months rounding up. And that matches the departure the Court granted – not for substantial assistance – but based on Lawley's age and lack of criminal record. Although it's not entirely clear, the Court assumes that the Joint Motion has mischaracterized the nature of that 10-month departure, which may also explain why the parties cryptically refer to it as an "applicable Chapter Five Departure."[3] However, in the context of § 3582(c)(2), departures based on factors other than substantial assistance are **not** "applicable Chapter Five departures." *See United States v. Aragon-Rodriguez*, 624 Fed. Appx. 542, *3, 2015 U.S. App. LEXIS 21377 (9th Cir. Nov. 19, 2015) (the only Chapter Five departure that counts in calculating a defendant's amended Guideline range under § 3582(c) is for substantial assistance).

Lawley is eligible for a reduction of sentence under § 3582(c) only if the low end of his amended Guideline range is lower than his original sentence. Here it is – but by 3 months, not by 11 months as the parties maintain.

/ / /

---

[3] The government and Federal Defenders continue to use this nondescript and inapt characterization in their Joint Motions filed under § 3582(c)(2). But the counsel whose names appear on the Joint Motion in this case must know that departures – other than those for substantial assistance – don't count when calculating a defendant's amended Guideline range. This was the holding in *Aragon-Rodriguez* – a case with which counsel are surely familiar since they're the same lawyers who litigated that unsuccessful appeal in the Ninth Circuit.
   To avoid this repetitive error, all future § 3582(c) applications filed with this Court by counsel whose names appear on this Joint Motion shall specify whether the calculations and recommendations in support of the Joint Motion are based on substantial assistance departures or on some other non-qualifying ground for departure.

**Analysis Under 18 U.S.C. § 3553(a)**

The Court is entitled to reconsider factors under § 3553(a) in deciding whether to grant the Joint Motion, and it does so here. The factors include: the nature and circumstances of the offense, and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims.

Lawley's offense was serious. He and others tried to import a gigantic amount of marijuana into the United States – even when measured by jaded border district standards. Lawley was instrumental in planning the crime, a fact reflected by two separate upward role adjustments that he agreed applied to his conduct. Although he had participated in off-loading a previous load of marijuana and was paid for his efforts, at his sentencing he initially denied that and tried to mislead the Court. Transcript at 5-7. He also initially fled from the country when he learned that his coconspirators had not returned from their rendevous with the panga boat that brought the drugs from Mexico.

The Court's original sentence recognized that Lawley had a clean record during the preceding 49 years of his life. In fact, the Court specifically cited his lack of prior record and his age in granting the additional, non-substantial assistance departure. Lawley's sentence was below the Guideline range that then applied to him, and was consistent with other sentences that the Court had imposed for similar crimes. The sentence was proportionate then, and now, to the actual and potential harm that Lawley and his codefendants caused.

Finally, the Court notes that a 60 month sentence falls within the 57–71 month sentence that could be imposed under Lawley's amended Guidelines.

/ / /

/ / /

/ / /

/ / /

For all of these reasons, the Court concludes that no further reduction of Lawley's sentence is either equitable or warranted. The Joint Motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: November 4, 2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge